UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

        Case No. 12-CR-20287

v.

        HON. MARK A. GOLDSMITH

ALEXANDRA NORWOOD, et al.,

        Defendants.
_____/

## OPINION AND ORDER DENYING
## DEFENDANT NORWOOD'S MOTION FOR A BILL OF PARTICULARS (Dkt. 214)

Defendant Alexandra Norwood filed a motion for a bill of particulars (Dkt. 214), claiming that the allegations contained in Count 2 of the Amended First Superseding Indictment (Dkt. 191) are general and conclusory, preventing him from adequately preparing for trial.[1] The Government filed a response (Dkt. 276), and oral argument was heard on October 16, 2013. For the reasons set forth below, the Court denies the motion.

Norwood requests that the Court order the Government to provide a bill of particulars because the indictment "fails to allege critical information regarding the charges" against him. Def.'s Br. at 3. According to Norwood, the lack of specificity prevents him from "knowing the nature of the charges against him with sufficient precision to enable him to sort through the voluminous discovery, prepare for trial and avoid the danger of unfair surprise." Id. Norwood argues that Federal Rule of Criminal Procedure 7(f) was amended, so that courts would order the

---

[1] Joinders/Notices of Concurrence were filed by Defendants Jatimothy Walker (Dkt. 220), Jonathan Walker (Dkt. 245), Carvell Gordon (Dkt. 250), and Leon Gills (Dkt. 274).

The Court has previously provided a recitation of the background of this case and the scope of the Amended First Superseding Indictment in an Opinion and Order denying Defendant Norwood's motion to dismiss. See 11/8/13 Opinion and Order (Dkt. 328).

Government to provide bills of particulars more liberally. Id. Norwood specifically claims that Count 2 of the indictment fails to sufficiently apprise him of the charges against him so that he can prepare for trial. Id. at 5. Norwood observes that Count 2 charges him with murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) and 18 U.S.C. § 2, but that the allegations are general and conclusory. Id. Norwood asks for more specific information from the Government, such as what relationship, if any, the alleged murder had to the criminal enterprise charged in Count 1 of the indictment and what role, if any, Norwood is alleged to have had in the commission of the murder and the roles of other alleged participants. Id.

In response, the Government argues that the indictment is detailed and that extensive discovery has been provided rendering a bill of particulars unnecessary. Gov't Resp. at 2. With regard to Count 2 of the indictment, the Government argues that the allegations are sufficient because they contain the elements of the offense and fairly inform the defendant of the charge. Id. at 2-3. The Government notes that a bill of particulars is not designed to alert a defendant about the Government's theories for trial. Id. at 3. Moreover, the Government claims that Count 2 incorporates by reference the allegations in Count 1 of Norwood participating in a criminal enterprise (the Howard Boys gang), which provides sufficient notice of the charges. Id. at 3-4. Lastly, the Government asserts that a defendant is not entitled to a bill of particulars when the information he seeks is available through other sources, such as evidence produced pursuant to Rule16 and the Jencks Act. Id. at 4.

A bill of particulars is a "formal, detailed statement of the claims or charges brought by . . . a prosecutor, [usually] filed in response to the defendant's request for a more specific complaint." Black's Law Dictionary (9th ed. 2009). Federal Rule of Criminal Procedure 7(f) governs bills of particulars and the decision to order one is within the discretion of the trial

court.[2]  United States v. Robinson, 390 F.3d 853, 867 (6th Cir. 2004).  A bill of particulars ensures "that a defendant understands the nature of the charges against him so that he can adequately prepare for trial," minimizes "the danger of unfair surprise at trial," and enables "the defendant to plead double jeopardy if he is later charged with the same defense when the indictment itself is too vague and indefinite for such purposes."  United States v. Martin, 822 F.2d 1089, at *3 (Table) (6th Cir. 1987).

The "test for determining whether a bill of particulars should issue is whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial."  Id.  As the Sixth Circuit has explained,

> [a] bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes.  It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial.  Further, a defendant is not entitled to discover all the overt acts that might be proven at trial.

United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993) (citations omitted).  A "defendant is not entitled to a bill of particulars with respect to information which is available through other sources."  United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991) superseded by statute on other grounds, U.S.S.G. § 3B1.1.  Indeed, full disclosure of evidence by the Government obviates the needs for a bill of particulars.  Martin, 822 F.2d 1089, at *3 ("If there has been full disclosure by the Government, as there was in the instant case, the need for a bill of particulars is obviated.").

Here, the Government, through the controlling indictment, has provided Norwood with sufficient specificity to enable him to know the nature of the charges against him.  Count 2 of the

---

[2] Federal Rule of Criminal Procedure 7(f) provides that the Court "may direct the government to file a bill of particulars.  The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits.  The government may amend a bill of particulars subject to such conditions as justice requires."

controlling indictment charges Norwood with murder in aid of racketeering and cites 18 U.S.C. § 1959(a). Am. First Superseding Indictment at 21 (Dkt. 191). Although Norwood argues that the allegations that he murdered Jonathan Parker to further his position within the Howard Boys and its racketeering activity are general and conclusory, see Def.'s Br. at 5, the allegations track the language of 18 U.S.C. § 1959(a).[3]

Furthermore, the Government states that it has provided Norwood with "extensive discovery, well beyond what is required by Rule 16," including police and laboratory reports which were made during the initial investigation of the murder apparently relating to Count 2. Gov't Resp. at 4. The Government has also states that it has disclosed Jencks material including (i) a statement of a Howard Boys associate that paid Norwood to kill Parker, the murder victim, and (ii) the testimony of a second Howard Boys associate "who, aware of the money which had been offered to kill Parker, attempted to shoot Parker immediately after Norwood shot him." Id.

---

[3] A comparison of the relevant language shows that the controlling indictment tracks 18 U.S.C. § 1959(a). The controlling indictment, in pertinent part, states:

> On July 17, 2004, in Flint, Michigan, in the Eastern District of Michigan, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from the Howard Boys, and for the purpose of gaining entrance to and maintaining and increasing his position in the Howard Boys, an enterprise engaged in racketeering activity, ALEXANDRA L. NORWOOD, unlawfully and knowingly murdered Jonathan Parker, in violation of Michigan Compiled Laws, Section 750.317 and 767.39.

Am. First Superseding Indictment at 22 (Dkt. 191) (emphasis added). The language of the indictment tracks the statutory language it cites:

> Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished—

18 U.S.C. § 1959(a) (emphasis added).

Norwood did not file a reply brief and has not developed any further argument regarding the insufficiency of the Government's disclosures. Although this may not amount to "full disclosure" of the Government's evidence, the Court determines that these disclosures, which Norwood does not contest, have sufficiently provided notice to Norwood of the charge contained in Count 2 of the controlling indictment. Martin, 822 F.2d 1089, at *3.

Accordingly, the Court concludes that the indictment sets forth the elements of the offense charged and sufficiently provides notice to Norwood of the charge against him in Count 2. Martin, 822 F.2d 1089, at *3. Therefore, the Court denies Norwood's motion for a bill of particulars (Dkt. 214).

SO ORDERED.

Dated: January 10, 2014             s/Mark A. Goldsmith  
    Flint, Michigan               MARK A. GOLDSMITH  
                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 10, 2014.

                                        s/Deborah J. Goltz  
                                        DEBORAH J. GOLTZ  
                                        Case Manager