UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 12-CR-20287

HON. MARK A. GOLDSMITH

ALEXANDRA NORWOOD, et al.,

Defendants.
______________________________/

**OPINION AND ORDER DENYING DEFENDANT JONATHAN WALKER'S MOTION FOR A HEARING TO DETERMINE ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS AGAINST DEFENDANTS PURSUANT TO FRE 801(d)(2)(E) (Dkt. 404)**

## I. INTRODUCTION

The factual allegations of this case are set forth in the Court's November 8, 2013 Opinion and Order denying Defendant Alexandra Norwood's motion to dismiss (Dkt. 328), and need not be repeated here.

The Government has identified a number of statements it intends to introduce at trial under the coconspirator exclusion to the hearsay rules. See Fed. R. Evid. 801(d)(2)(e). Now before the Court is Defendant Jonathan Walker's motion for a pre-trial hearing — commonly referred to as an "Enright hearing" — to determine the admissibility of these statements. Def. Mot. at 1 (Dkt. 404).[1]

Having reviewed the parties' briefing and the Government's offer of proof, the Court concludes that holding an Enright hearing would be unduly burdensome and an inefficient use of the Court's and the parties' limited time and resources. The Court will, therefore, deny

[1] The motion is joined by Defendants Norwood (Dkt. 409), Jatimothy Walker (Dkt. 406), Oldham (Dkt. 415), Gills (Dkt. 423), and Cureton (Dkt. 437).

Defendant's motion for a pre-trial hearing. Instead, the Court will conditionally admit the statements, subject to the Government proving the foundational factors for admission by a preponderance of the evidence at trial.

## II. ANALYSIS

Under Federal Rule of Evidence 801(d)(2)(E), a statement offered against an opposing party is not hearsay if it "was made by the party's coconspirator during and in furtherance of the conspiracy." The rule goes on to provide that the statement "must be considered but does not by itself establish . . . the existence of the conspiracy or participation in it." Id.

For a statement to be admissible against a defendant under Rule 801(d)(2)(E), the Government must show three foundational factors by a preponderance of the evidence: "(1) that a conspiracy existed, (2) that the defendant against whom the [statement] is offered was a member of the conspiracy, and (3) that the hearsay statement was made in the course and in furtherance of the conspiracy." United States v. Vinson, 606 F.2d 149, 152 (6th Cir. 1979) (discussing United States v. Enright, 579 F.2d 980 (6th Cir. 1978)). In Vinson, the Sixth Circuit outlined three possible methods for the court to make this determination, although it declined to set any "hard and fast procedures":

First, the court may hold a "mini-hearing," during which it, "without a jury, hears the [G]overnment's proof of conspiracy and makes the preliminary Enright finding." This hearing is commonly referred to as an "Enright hearing," and it is what Defendant requested here. Id. at 152.

Second, the court may "require the [G]overnment to meet its initial burden by producing the non-hearsay evidence of conspiracy first[,] prior to making the Enright finding concerning the hearsay's admissibility." Id. at 152-153.

Lastly, the court may conditionally "admit the hearsay statements subject to a later demonstration of their admissibility by a preponderance of the evidence." Id. If this method is used, the court rules on the defendant's objection at the conclusion of the Government's case-in-chief. Id. If the court finds that the Government has met its burden, it admits all of the evidence — including the coconspirator statements — subject to instructions regarding the ultimate burden of proof, and the weight and credibility of the statements. Id. "If, on the other hand, the court finds that the government has failed to carry its burden, it should, on defendant's motion, declare a mistrial unless convinced that a cautionary jury instruction would shield the defendant from prejudice." Id.

The Sixth Circuit also has instructed that, regardless of which option is used, the trial judge must "refrain from advising the jury of his findings that the [G]overnment has satisfactorily proved the conspiracy. . . . Such an instruction can serve only to alert the jury that the judge has determined that a conspiracy involving the defendant has been proven by a preponderance of the evidence." Id. The Sixth Circuit has warned that, if the trial judge were to so inform the jury, "[t]he judge's opinion is likely to influence strongly the opinion of individual jurors when they come to consider their verdict and judge the credibility of witnesses." Id.

In choosing which option to follow, the Court is mindful of guidance provided by the Sixth Circuit and other district courts within this circuit. With respect to holding a pre-trial Enright hearing, the Sixth Circuit has described this option as "burdensome, time-consuming and uneconomic." Id. at 152; see also United States v. Marshall, No. 09-20536, 2011 WL 1598955, at *3 (E.D. Mich. Apr. 27, 2011) (refusing to hold an Enright hearing because, in part, conditionally admitting the statements "seems to be less burdensome and more efficient than holding a separate evidentiary hearing"); United States v. Williams, No. 06-20411, 2010 WL

272142, at *2 (E.D. Mich. Jan. 15, 2010) ("[L]itigating these issues [at a pre-trial hearing] would waste judicial resources and lead to a 'trial within a trial.'").

Similarly, the second option — requiring the Government to provide all non-hearsay evidence of the conspiracy first — may be unduly burdensome in situations where "the proof involves an intricate, interwoven web of contacts." United States v. Stone, No. 10-20123, 2011 WL 17613, at *2 (E.D. Mich. Jan. 4, 2011). This case — involving six co-Defendants, six former Defendants, numerous unindicted alleged coconspirators, various victims, other possible witnesses, and a list of overt acts allegedly performed over a ten-year period — presents such a scenario.

On the other hand, a preference has developed within this circuit for conditionally admitting the statements subject to the Government meeting its burden of proof at trial. See id. (acknowledging that the third option is the "popular preference"); United States v. Driver, No. 09-20549, 2011 WL 761496, at *6 (E.D. Mich. Feb. 25, 2011) ("It appears that the general practice is to conditionally allow the admission of co-conspirator statements to prove the charged conspiracy."); United States v. Coffman, No. 09-181, 2010 WL 3924671, at *3 (E.D. Ky. Sept. 29, 2010) ("[T]here is an implied preference in this Circuit to use the third option"); see also United States v. Holloway, 740 F.2d 1373, 1375 n.2 (6th Cir. 1984) (suggesting that option three is "firmly entrenched in this circuit's practice"); United States v. Johnston, No. 12-102-9, 2013 WL 3423268, at *3 (E.D. Ky. July 8, 2013) (noting that conditionally admitting the statements "appears to be most widely used in this circuit").

In light of the complexities and intricacies of this case, as well as the number of witnesses at issue (many of whom are incarcerated), the Court concludes that utilizing the third option — conditionally admitting the statements — would best serve the interests of fairness and judicial

economy. This will allow the Court to view the statements in context, while also eliminating the burden and expense of holding a duplicative pre-trial hearing. United States v. Gonzales, 501 F.3d 630, 636 (6th Cir. 2007) ("The district court may consider the contents of the statements in question in evaluating the existence of a conspiracy for the purpose of Rule 801, but those statements are not alone sufficient to establish . . . the existence of the conspiracy.").

Rather than blindly allowing the statements' introduction at trial, however, the Court ordered the Government to submit an offer of proof regarding its evidence of conspiracy, so as to ensure some level of review before the statements were put before the jury. See, e.g., United States v. Rodriguez, 975 F.2d 404, 406 (7th Cir. 1992) (explaining that "the Government may submit evidence of [the foundational] elements in a pre-trial proffer, and the district court may admit the statement(s) subject to its later determination during trial that the Government has established by a preponderance of the evidence the three foundational elements"); United States v. Radabaugh, 840 F.2d 18 (Table), 1988 WL 12801, at *3 (6th Cir. 1988) (noting that the district court acted within its discretion by listening to Government's proffer and then admitting the statements conditionally); United States v. Cooper, No. 02-40069, 2003 WL 22953090, at *1 (D. Kan. Nov. 12, 2003) ("The court initially found that this case was best suited for admitting the hearsay evidence conditionally upon receipt of an adequate proffer from the government.").

The Government submitted its offer of proof on April 2, 2014 (Dkt. 491). Having reviewed the Government's proffer, the Court finds it adequate such that utilizing the option "firmly entrenched in this circuit's practice" — i.e., conditionally admitting the statements without a pre-trial "mini-hearing" — is appropriate here. See Holloway, 740 F.2d at 1375 n.2.[2]

[2] While the proffer provides some assurance that conditional admission of the contested statements is reasonable, this conclusion should not be viewed as a finding that the Government has met its ultimate foundational burden by a preponderance of the evidence or that it likely will do so.

Moreover, the Government notes that the vast majority of these statements may be admissible against Defendants, independent of the coconspirator exclusion. Gov't Supp. Br. at 5. For example, the Government may introduce some of the statements as either "non-assertions" or not for the truth of the matter asserted. Id. at 2, 5. It also may introduce some of these statements as excited utterances, under Federal Rule of Evidence 803(2). To the extent these statements are independently admissible against Defendants, this further confirms that holding a pre-trial hearing on whether the statements also qualify as coconspirator statements would be a waste of time and resources. See Stone, 2011 WL 17613, at *6 (recognizing that "if the Government offers out of court statements under an exception other than the co-conspirator exception, it will be a waste of judicial resources to hold an Enright hearing").[3]

Defendant argues that a pre-trial Enright hearing is necessary "in a case of this magnitude and complexity in order to avoid time consuming delays during trial, where[] these issues would be handled offer-by-offer." Def. Mot. at 5. Defendant claims that "[t]he alternative would involve either continuously taking the Jury out while the matters were litigated at trial, or eight lawyers engaging in this analysis with the Court at side-bar while the Jury waited in the box." Id. at 6.

---

[3] The Government argues that most of the statements are independently admissible as party admissions, under Federal Rule of Evidence 801(d)(2)(a). Gov't Supp. Br. at 5. While this may or may not be true, a party admission only lifts the hearsay bar as to the declarant-party who makes the admission. See Fed. R. Evid. 801(d)(2)(A) (statement may be admitted "against an opposing party" if made "by the party"); Stalbosky v. Belew, 205 F.3d 890, 894 (6th Cir. 2000) ("[A] party's statement is admissible as non-hearsay only if it is offered against that party."); Canter v. Hardy, 188 F. Supp. 2d 773, 783-784 (E.D. Mich. 2002); 29A Am. Jur. 2d Evidence § 773 (Feb. 2014) ("Since a party-opponent's admission may be offered only against that particular party, an out-of-court statement introduced as an admission of one party could not be considered as evidence adversely affecting the claims of other parties."). To admit the statement against a non-declarant-co-Defendant, the Government will have to show some other basis for avoiding a hearsay objection.

This argument, however, fundamentally misunderstands the third option: conditionally admitting the statements and delaying a ruling on their admissibility until after the Government's case-in-chief has concluded. In other words, the Court will not need to do an "offer-by-offer" analysis on every statement during trial as Defendant suggests. To the contrary, for those statements that are only admissible against Defendants as coconspirator statements, the Court will decide whether the statements were properly admitted once all of the evidence has been set forth by the Government. This provides the Court the opportunity to view the statements in context, with all of the other non-hearsay evidence, while avoiding the unnecessary time and expense of holding a detailed pre-trial mini-hearing. Given that the parties estimate that trial in this case is likely to take eight weeks, the Court finds that having a pre-trial hearing essentially duplicating the evidence to be submitted at trial is overly burdensome compared with the benefit received from such an undertaking. This is particularly true where, as discussed above, most of the statements may be independently admissible against Defendants on other grounds.[4]

## III. CONCLUSION

For the foregoing reasons, the Court denies Defendant's motion for an Enright hearing (Dkt. 404). The Court will conditionally admit the coconspirator statements, subject to the Government meeting its burden of proof for full admissibility at trial.

---

[4] Defendant also argues that a pre-trial hearing is necessary "to put defense counsel on notice of what they shall be expected to defend against" and to prevent "affect[ing] the content of opening statements." Def. Mot. at 6. Defense counsel are aware of the statements given that they were disclosed by the Government; therefore, counsel has notice of what they should be prepared to "defend against." See United States v. Robinson, 390 F.3d 853, 868 (6th Cir. 2004) (no prejudice to defendant by conditional admission of statements where defendant was given pretrial notice of the nature, scope, and membership of the charged conspiracy). If Defendant's argument were to prevail, then courts could never conditionally admit the statements — even though this is the method widely used in this circuit. As such, Defendant's argument is meritless.

SO ORDERED.

Dated: May 6, 2014
Flint, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 6, 2014.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager