UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                HON. MARK A. GOLDSMITH

v.                                           Case No. 12-CR-20287

ALEXANDRA NORWOOD, et al.

        Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANT NORWOOD'S MOTION TO DETERMINE ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS AND PARTY ADMISSIONS BEFORE TRIAL (Dkt. 409)

Before the Court is Defendant Alexandra Norwood's motion to determine the admissibility of co-conspirator statements and party admissions before trial (Dkt. 409).[1] The Government has filed a response (Dkt. 491), and the Court concludes that oral argument would not assist in resolution of this matter, see Local Rule 7.1(f)(2). For the reasons discussed below, the Court denies Norwood's motion.

Norwood first argues that the Court should hold a pretrial hearing to determine whether the statements the Government intends to offer against him as party admissions were really made by him. In a conclusory, three-sentence argument, Norwood states, in full, as follows:

> FRE 801(d)(2)(A), which governs party admissions, provides that a statement is not hearsay if it is offered against an opposing party and "was made by the party in an individual or representative capacity." Under Rule 104(a), the Court must make a finding regarding the admissibility of party admissions. The Court must, therefore, make the determination, by a preponderance of the evidence, that Mr. Norwood made the statements in question. United States v. Garza, 435 F3d 73 (1st Cir. 2006).

---

[1] The following Defendants filed a notice of joinder/concurrence: Oldham (Dkt. 415), Jonathan Walker (Dkt. 424), Jatimothy Walker (Dkt. 425), and Gills (Dkt. 428).

1

Def. Mot. at 3-4. The Government responds that "[w]hile the Court unquestionably has the duty of determining the admissibility of all evidence in every case, it can appropriately evaluate the admissions during the trial testimony in this case." Gov't Resp. at 5-6. The Government further notes that "the Court discharges this duty in this fashion in virtually every trial. The defense has not cited, and the government has not found, any precedent for this request and it should be denied." Id.

The Court agrees with the Government that a pretrial hearing is not required to determine the admissibility of the purported party admissions. Norwood does not specify any statement in particular that he challenges as not being made by him; rather, he seeks to have the Court determine whether he made each and every statement the Government intends to introduce as a party admission against him. Other than broadly citing to Federal Rule of Evidence 104(a), Defendant cites no authority suggesting that the Court must make this determination before trial, and thus his argument is insufficient. See Rivet v. State Farm Mut. Auto Ins. Co., 316 F. App'x 440, 449 (6th Cir. 2009) (refusing to address "arguments that . . . are unsupported or undeveloped"). Furthermore, as the Government highlights, courts routinely evaluate evidence's admissibility — including party admissions — at trial. Accordingly, the Court denies Norwood's request for a pretrial hearing to determine the admissibility of party admissions.

Norwood's reliance on United States v. Garza, 435 F.3d 73 (1st Cir. 2006), does not require a different result. In Garza, the defendant challenged the district court's allowance of the reading of transcripts of certain destroyed tape recordings to the jury. The First Circuit explained that "[q]uestions of admissibility are decided by the court, Fed. R. Evid. 104(a), using the preponderance of the evidence standard. So long as there is a preponderance of evidence indicating that it was [defendant's] voice on the tapes, the transcripts could be treated as

2

containing an admission." Id. at 77. The court went on to conclude that the informant and police sergeant's identification of defendant as the individual who sold the drugs, and their testimony regarding the phone call to defendant and placement of the recording device in the bedroom where the drug sale took place, sufficed to "support a finding by a preponderance of the evidence that [the defendant] made the transcribed statements." Id. The court did not, however, mention any requirement that the court hold a pretrial hearing to make these determinations in advance of trial. Accordingly, the Court finds Garza inapplicable.

Norwood next claims that all of the statements by unindicted alleged co-conspirators should be excluded because they are cooperating with the Government and are thus inherently unreliable witnesses. Def. Mot. at 6. He also claims that at least one of the witnesses has a reason to lie because she was listed as a suspect in one of the crimes charged against Norwood. Id. He further maintains that the witnesses are unreliable because they are going to testify about events that took place six to eight years before the witnesses relayed the statements to law enforcement. Id.

In raising concerns about a witness's reliability, Norwood essentially asks the Court to make a credibility determination regarding the witnesses. This is the province of the jury, however, not the Court's. Norwood is, of course, free to cross-examine these witnesses at trial. But the Court will not exclude their testimony based on Norwood's belief that they are not credible and have reason to lie. See United States v. McRaven, 43 F.3d 1473 (Table), 1994 WL 679372, at *4 (6th Cir. 1994) ("[A] witness's credibility and the weight to be given to the testimony is a matter solely for the jury's determination."); United States v. Henderson, 626 F.3d 326, 337 (6th Cir. 2010) (noting that while the witness's testimony "was erratic and of questionable reliability," this could be said about "the testimony of a sizeable portion of

witnesses who commonly testify in criminal cases," and that it was "for the jury to assess her credibility and determine the weight her testimony was entitled to"); United States v. West, No. 06-20185, 2009 WL 3246976, at *4 (E.D. Mich. Oct. 6, 2009) ("The Government's challenges to the reliability of Day's statements go to the weight the jury gives to Day's statements — not their admissibility."). Norwood cites no authority for his claim that the reliability of these witnesses should preclude them from testifying, nor is the Court aware of any.[2] Indeed, Norwood essentially asks the Court to issue a blanket proclamation that unindicted co-conspirators can never serve as witnesses; this the Court will not do.

Finally, Norwood broadly raises concerns under Federal Rule of Evidence 403, arguing that the admission of the statements would be unfairly prejudicial. See Def. Mot. at 5-6. The Government responds that "[u]nfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis." Gov't Resp. at 6-7 (quoting United States v. Bonds, 12 F.3d 540, 567 (6th Cir. 1993)).

Rule 403 allows a Court to exclude otherwise-relevant evidence if it finds that "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." To the extent Norwood continues to believe Rule 403 should

---

[2] Norwood relies on United States v. Arledge, 553 F.3d 881, 893-894 (5th Cir. 2008), claiming that the case stands for the proposition that a court may exclude "testimony that [is] not reliable because it would mislead the jury." Def. Mot. at 5-6. That case, however, does not discuss the reliability of witness testimony, but instead the admission of documents. Moreover, Norwood has failed to explain why allowing the purported co-conspirators to testify will likely "mislead the jury," given that he will have a chance to explore their credibility on cross-examination. The Court thus finds that Arledge, 553 F.3d at 893-894, does not support Norwood's claim that the Court must determine the reliability of lay witnesses, and must do so before trial. While courts have a role to play in determining the trustworthiness of certain evidence, see e.g., Fed. R. Evid. 804(b)(3)(B), Norwood does not raise any such specific objection in his motion.

preclude certain statements' admission — as opposed to every statement — he may raise this objection at trial where the Court can assess its probative value in context. See Funk v. Rent All Mart, Inc., No. 00–CV–7086, 2002 WL 34417021, at *1 (N.D. Ohio, July 9, 2002) ("[E]videntiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."). To the extent Norwood claims that every statement by an unindicted purported co-conspirator should be precluded based on Rule 403 per se, the Court rejects Norwood's argument for the reasons discussed above.

Therefore, the Court denies Defendant Norwood's motion for a pretrial hearing to determine the admissibility of co-conspirator statements and party admissions before trial (Dkt. 409).[3]

SO ORDERED.

Dated: May 9, 2014                  s/Mark A. Goldsmith
   Flint, Michigan                MARK A. GOLDSMITH
                                              United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 9, 2014.

                                               s/Deborah J. Goltz
                                               DEBORAH J. GOLTZ
                                               Case Manager

---

[3] To the extent Norwood's motion sought, in part, to have the Court hold a pre-trial "mini-hearing" to determine the admissibility of statements that the Government intends to introduce as co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E), the Court rejects such a request for the same reasons described in its Opinion and Order denying a similar request by Defendant Jonathan Walker. See 5/6/14 Op. and Order (Dkt. 556). To the extent Norwood's motion purports to raise any other objections by way of Exhibit A to the motion, those objections are overruled without prejudice to Norwood's right to raise them at trial, where the evidence and objections will be placed in proper context.

5