UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 12-CR-20287

    HON. MARK A. GOLDSMITH

ALEXANDRA NORWOOD, et al.,

    Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTIONS IN LIMINE WITHOUT PREJUDICE (Dkts. 384, 412, 416, 450, 567)

Before the Court are five motions in limine, respectively filed by Defendant Alexandra Norwood (Dkt. 384), Defendant Jonathan Walker (Dkt. 412), Defendant Johnathan Oldham (Dkt. 416), and Defendant Leon Gills (Dkts. 450 and 567).[1] Defendants seek to exclude evidence of various acts that the Government has provided notice that it will seek to introduce at trial. Third Am. Notice (Dkt. 544). For the reasons that follow, the Court denies Defendants' motions without prejudice.

Initially, Jonathan Walker and Norwood filed motions in limine (respectively, Dkts. 383 and 384), apparently in response to the Government's disclosure of discovery regarding various alleged criminal acts, most of which are not expressly mentioned in the governing indictment.[2] The initial motions in limine sought to exclude these various acts because, according to Defendants, they were offered for an improper purpose under Federal Rule of Evidence 404(b),

---

[1] Jonathan Walker filed the first motion in limine (Dkt. 383), but then submitted an amended motion in limine (Dkt. 412), which is the motion the Court considers.

[2] The factual allegations of this case are set forth in the Court's November 8, 2013 Opinion and Order denying Defendant Norwood's motion to dismiss and need not be repeated here. 11/8/13 Op. (Dkt. 328).

among other grounds. After these motions were filed, the Government provided notice of its intent to introduce evidence of the various acts at trial (Dkt. 392), but it also stated that it believes these acts "do not constitute 'other acts' evidence under Federal Rule of Evidence 404(b)." Id. After this initial notice, the Government filed a response brief (Dkt. 399), Jonathan Walker submitted an amended motion in limine (Dkt. 412), and Oldham and Gills filed their motions (Dkts. 416 and 450). The parties continued to file briefs addressing the admissibility of the evidence. See Dkts. 431, 465, 475, 481, 482, 493, and 506. The Government also continued to update its notice, see Notices (Dkts. 398, 429, 544), and Gills filed a "supplemental" motion (Dkt. 567), to which the Government has not yet responded.

There are 15 acts referenced in the Government's most recent notice:

1. Murder of Gary Andre and Attempted Murder of Joey Love on February 5, 2004;
2. Attempted Murder of Christopher Jones and Nicole Howell on April 7, 2004;
3. Murder of Omar Bashir on August 20, 2004;
4. Murder of Matthew Oldham on January 30, 2005;
5. Armed Robbery of Magic Market on November 27, 2006;
6. Murder of Latoya Jones and Attempted Murder of Benjamin Kinney on May 9, 2007;
7. Murder of Dion Hairston on May 21, 2007;
8. Murder of Dairea Bradley on August 18, 2007;
9. Possession With Intent to Distribute Crack Cocaine on October 10, 2009;
10. Solicitation to Murder Xavier Turner from June 4 – 5, 2012;
11. Threats made to Derrick Davis in Midland County Jail on an unspecified date;
12. Fight between members of the Howard Boys and members of T-Hood in the Midland County Jail on November 22, 2013;
13. Threats/harassment involving Carvell Walker and Dantonina Haygood on June 29 – 30, 2009;
14. Witness tampering/threats/intimidation and other enterprise evidence communicated via Facebook.com from January 2, 2014 – March 18, 2014;
15. Felonious assault threats to Latrice Minor from September 27 – 28, 2008.

Third Am. Notice at 2-3 (Dkt. 544).

In their motions in limine or to exclude evidence, Defendants make the following arguments: (i) the evidence is offered for an improper purpose under Federal Rule of Evidence 404(b); (ii) the evidence does not show that the Defendants acted in furtherance of the alleged

2

RICO conspiracy; (iii) the evidence is irrelevant under Federal Rule of Evidence 401; and (iv) the evidence is more prejudicial than probative under Federal Rule of Evidence 403.

With respect to the first argument, Defendants claim that the acts noticed by the Government do not constitute proper 404(b) evidence. For instance, Norwood claims that the Government has offered no proper purpose for introducing evidence of him purportedly committing four of the listed acts — the murders and attempted murders referenced in acts #1 – #4 of the Government's notice. Norwood Br. at 6-8. If admitted, Norwood argues that the evidence would merely show a propensity for violence. Id. at 8. Jonathan Walker makes similar arguments concerning the reliability of the evidence and purpose under Rule 404(b) with respect to the robbery of the Magic Market (#5), the Hairston murder (#7), and the Bradley murder (#8). Walker Br. at 4-5. Oldham also raises a 404(b) argument and refers to the alleged possession of crack cocaine (#9). Oldham Br. at 2. Lastly, Gills takes issue with the Government's intent to introduce evidence of the robbery of Magic Market (#5), the murder of Jones and attempted murder of Kinney (#6), Gills Br. at 4-6, the solicitation of murder of Xavier Turner (#10), and the threats to Latrice Minor (#15), Gills Supp. Br. at 3, 7-8 (Dkt. 567).

Under Defendants' second argument, Defendants claim that the "other acts" referenced in the Government's notice were not in furtherance of the alleged RICO conspiracy.[3] Norwood Reply at 2-3 (Dkt. 475). Defendants argue that the Government has not sufficiently connected the "other acts" to the conspiracy. Id.; Gills Br. at 7 (Dkt. 450) (characterizing the Government's claim that the evidence is in furtherance of the conspiracy as "mere ipse dixit").

---

[3] Although Jonathan Walker and Oldham did not file separate reply briefs responding to the Government's argument that its notices do not concern "other acts" evidence under Rule 404(b), see Gov't Br. (Dkt. 431), they did file joinders/concurrences with Norwood's reply brief (Dkts. 476, 510), which raised the argument that the noticed acts were not in furtherance of the alleged RICO conspiracy. Norwood Reply (Dkt. 475).

Finally, Defendants argue that the "other acts" evidence is irrelevant or cumulative under Federal Rule of Evidence 401, see Oldham Br. at 1-2; Walker Br. at 3-4, or unfairly prejudicial under Federal Rule of Evidence 403, see id.; Norwood Reply Br. at 3.

The Government takes the position that the evidence is relevant, not 404(b) evidence, and not unfairly prejudicial. See, e.g., Gov't Resp. Br. at 14-24 (Dkt. 399). The Government argues that the evidence is relevant because it will be used "to prove the existence of the enterprise, the RICO conspiracy and its objectives, the defendants' participation in both the enterprise and conspiracy, and the continuity of the pattern of racketeering activity." Id. at 14. The Government explains that, in "RICO cases, courts routinely admit evidence of crimes not specifically charged against a defendant." Id. at 17. Admissibility of this kind of evidence turns upon a showing "that the defendant acted with the intent of furthering or facilitating the criminal endeavor" — not a 404(b) analysis. Id. (quotation marks omitted). Furthermore, the Government declares that, "[n]ot only do courts routinely admit evidence of uncharged crimes committed by a defendant, courts also routinely admit evidence of uncharged crimes committed by co-conspirators." Id. at 18. With respect to prejudice, the Government acknowledges that the evidence is prejudicial because it is material, but it maintains that it is not unfairly prejudicial. Id. at 15-16.

Rule 404(b) addresses evidence of "Crimes, Wrongs, and Other Acts."[4] However, Rule 404(b) is not implicated when the evidence of other crimes is part of a continuing pattern of

---

[4] Rule 404(b) provides as follows:

(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
(2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation,

4

illegal activity, such as in a RICO conspiracy case. United States v. Fowler, 535 F.3d 408, 422 (6th Cir. 2008) (evidence of murder of individual by the defendant properly admitted because it showed participation in a RICO conspiracy and was not 404(b) evidence). Courts permit the admission of such evidence because it may tend to show membership in an enterprise by demonstrating that the defendant had the intent to further or facilitate the enterprise. Id. (citing Salinas v. United States, 522 U.S. 52, 65 (1997)); see also United States v. Matera, 489 F.3d 115, 120 (2d Cir. 2007) (observing that evidence of uncharged murders was admissible "to prove an essential element of RICO crimes charged — the existence of a criminal enterprise in which the defendants participated"); United States v. Nagi, No. 06-20465, 2010 WL 3633593 (E.D. Mich. Sept. 14, 2010) (rejecting the defendant's 404(b) argument, and stating that "evidence about uncharged acts . . . is permissible to show the existence, scope, and nature of the enterprise in a RICO case"). Furthermore, crimes, wrongs, or other acts "by other participants in a common scheme are admissible as long as [the acts] constitute part of the same criminal episode, whether or not a conspiracy is charged, and as long as independent evidence ties the defendant to that scheme." United States v. Hohn, 293 F. App'x 395, 402 (6th Cir. 2008) (in case involving RICO-conspiracy conviction, admission of shooting committed by co-defendants, but not involving the defendant, was proper because Rule 404(b) was not implicated).

Of course, for evidence to be admissible, it must be relevant. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence;

---

        plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
            (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
            (B) do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b).

and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Courts, however, "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Here, the Government claims that the various acts contained in its notice will be offered to show the existence and extent of the alleged RICO conspiracy. If these acts are sufficiently connected to the purported RICO conspiracy, the case law is clear that Rule 404(b) is inapplicable. Fowler, 535 F.3d at 422. Therefore, Defendants' argument concerning whether the Government has set forth a proper purpose for the evidence under Rule 404(b) lacks merit.

Defendants also broadly claim that the alleged "other acts" do not fall within or are insufficiently connected to the alleged RICO conspiracy. See, e.g., Norwood Supp. Br. at 2-3 (Dkt. 493). Making an ultimate assessment of this argument at this time, however, is a difficult task because of the absence of the precise evidence the Government will seek to admit in its case-in-chief. Therefore, the Court refrains from making a determination at this time. At trial, however, if the evidence is sufficiently connected to the alleged enterprise, such evidence is admissible because it may demonstrate that the defendant had the intent to further or facilitate the enterprise. Fowler, 535 F.3d at 422.

Related to Defendants' argument whether the various acts are sufficiently related to the alleged RICO conspiracy is Defendants' relevance argument under Rule 401. Courts have regularly admitted evidence of other acts where the acts were within the scope of, and thus relevant to, an alleged RICO enterprise. See Fowler, 535 F.3d at 422 (evidence of murder admitted to show participation in RICO conspiracy); Matera, 489 F.3d at 120 (same). If, in fact,

6

the various acts are sufficiently connected to the conspiracy, tending to show its existence and furtherance, the acts are relevant.

Lastly, as concerns Defendants' argument of unfair prejudice under Rule 403, the Court cannot make that determination at this time. Without the precise evidence that the Government will seek to introduce, the Court cannot ascertain whether the probative value of such relevant evidence is substantially outweighed by the unfair prejudice to Defendants or other concerns, such as being cumulative. See Fed. R. Evid. 403.[5]

An ultimate decision on the admissibility of the challenged evidence must await trial, given the context-sensitive nature of the objections raised. Therefore, the Court denies the motions without prejudice, so that Defendants may raise their arguments again at trial in the context of the Government's evidence. See Funk v. Rent All Mart, Inc., No. 00–CV–7086, 2002 WL 34417021, at *1 (N.D. Ohio, July 9, 2002) ("[E]videntiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.").

Accordingly, Defendants' motions are denied without prejudice.

SO ORDERED.

Dated: May 9, 2014  
      Flint, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

---

[5] To the extent Defendants raise reliability issues, the objection is not well taken for the reasons set forth in the Court's Opinion and Order Denying Defendant Norwood's Motion to Determine Admissibility of Co-Conspirator Statements and Party Admissions Before Trial (Dkt. 409) issued today.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 9, 2014.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager

8