UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,          HON. MARK A. GOLDSMITH

v.          Case No. 12-CR-20287

ALEXANDRA NORWOOD, et al.

          Defendants.

_____/

**ORDER REGARDING ADMISSIBILITY OF STATEMENTS**

The Government in the above-captioned case has notified Defendants of its intent to introduce numerous statements at trial through a variety of fact witnesses, including unindicted alleged coconspirators, former co-Defendants, and law enforcement officers. Defendants filed various motions and raised numerous arguments regarding the introduction of these statements, although Defendants did not identify the problematic statements with particularity.

Accordingly, on April 4, 2014, the Court issued an order regarding Defendants' objections. The Court noted that Defendants had raised various arguments, including objections "based on the Confrontation Clause, relevance, reliability, undue prejudice, and whether the requirements to satisfy the test for admitting co-conspirator statements have been met." 4/4/14 Order (Dkt. 502). The Court also noted that "many of Defendants' objections are vague and conclusory, without any specificity, context, or legal authority for why the statements do not meet the requirements for admissibility." Id. The Court, therefore, ordered the parties to submit a joint memorandum specifically identifying any of the objected-to statements, other than those objected to based on the Confrontation Clause or Federal Rule of Evidence 403. Id. at 2. The

1

parties submitted their joint memorandum, with the relevant statements attached, on April 28, 2014.

The Court has reviewed the parties' submission. The Government has offered various bases for admitting the subject statements, including as party admissions (Fed. R. Evid. 801(d)(2)(A)), co-conspirator statements (Fed. R. Evid. 801(d)(2)(E)), offered not for the truth of the matter asserted, (Fed. R. Evid. 801(c)(2)), non-assertion commands or questions, statements against penal interest (Fed. R. Evid. 804(b)(3)), and/or as an excited utterance (Fed. R. Evid. 803(2)). Defendants have raised various objections, including that the statements were not in furtherance of the conspiracy, were mere chatter or idle conversation, were bragging or puffing and are thus unreliable, and/or are irrelevant to the charged conspiracy.

As with the majority of the other briefing in this case thus far, most of the parties' arguments remain vague and conclusory. In their arguments on admissibility, neither the Government nor Defendants provide sufficient context or detailed factual information for the Court to make informed decisions regarding the admissibility of the subject statements.

For many of the purported bases by which the Government seeks to introduce the statements, context is key. For example, the Supreme Court has explained that whether a statement is sufficiently against the declarant's penal interest so as to satisfy the statement-against-penal-interest exception "can only be answered in light of all the surrounding circumstances." Williamson v. United States, 512 U.S. 594, 604 (1994). Similarly, in determining whether a statement qualifies for admission as a co-conspirator statement, the Sixth Circuit has instructed that "[w]hether a statement was in furtherance of a conspiracy turns on the context in which it was made and the intent of the declarant in making it." United States v. Warman, 578 F.3d 320, 338 (6th Cir. 2009). And, for statements the Government says it does

2

not intend to introduce for the truth of the matter asserted, the Court cannot make a determination on admissibility until it better understands how the Government will use the statements at trial. The same holds true for whether questions or commands actually may have been code for something else. See United States v. Rodriguez-Lopez, 565 F.3d 312, 314-315 (6th Cir. 2009) (noting that, if statements are "questions or commands, they [cannot] — absent some indication that the statements were actually code for something else — be offered for their truth because they would not be assertive speech at all)."

Accordingly, given that the Court needs to better understand the statements' context before reaching a decision on admissibility, the Court overrules Defendants' objections to the statements without prejudice. Defendants may re-raise their objections to the statements' admission at trial. Nevertheless, two specific items raised in the parties' submission warrant further discussion at this time.

First, with respect to statements the Government intends to introduce under the co-conspirator exclusion, the Court previously denied Defendants' request to hold a pre-trial hearing to determine the admissibility of these statements. See 5/6/14 Op. and Order (Dkt. 556). The Court decided to conditionally admit the statements, subject to the Government meeting its burden of proof at trial regarding the three foundational factors for the statements' admission: (1) that a conspiracy existed; (2) that the defendant against whom the statement is offered was a member of the conspiracy; and (3) that the statement was made in the course and in furtherance of the conspiracy. Id.

To assist the Court in deciding whether the Government has met its burden, the Government shall file a memorandum at the close of its case-in-chief (i) identifying any and all statements that it introduced under the co-conspirator exclusion — regardless of whether the

exclusion is the sole or alternate ground urged by the Government for admission, (ii) identifying the witness through whom each statement was introduced, and (iii) setting forth the evidence in support of the foundational factors for establishing each co-conspirator statement's admission.

Second, despite generally overruling Defendants' objections without prejudice, the Court does overrule with prejudice one of Defendants' objections at this time. Defendants object to the admission of statements numbered by the Government as 144-197, claiming that they "were produced out of time and with insufficient time for Defendant[s] to review." Defendants claim that these "voluminous recorded phone calls and other communications" were disclosed by the Government on March 20, 2014. Defendants also recognize that the Court "ordered that all admissions the government intended to introduce be produced by March 31, 2014," but Defendants suggest that the disclosure was untimely given the volume and the fact that the Government purportedly had these recordings for almost two years.

The Government responds that the recordings, which were distributed March 20, 2014, were produced "immediately after the government came into possession of the calls." The Government also notes that it provided numerous documents to Defendants concerning these recordings, including handwritten notes of the agent reviewers, transcripts of phone calls, and an FBI 302 report identifying the calls. The Government argues that Defendants were, therefore, on notice that the Government intended to introduce statements from these recordings at trial.[1]

The Court fails to understand how recordings produced on March 20, 2014 — nearly two weeks before the undisputed deadline set by the Court for making these disclosures — could be

---

[1] At the May 12, 2014 Final Pretrial Conference, the Government represented that it produced the recordings on March 20, 2014, but that it may not have amended the statement-disclosure table (i.e., the table indicating which statements the Government intends to use at trial) until after the March 31, 2014 disclosure deadline. The Court gave Defendants an opportunity to submit a statement disputing the Government's timeline, see Dkt. 576, but no Defendant submitted such a statement. The Court, therefore, assumes the Government's stated timeline is accurate.

deemed untimely.  See 3/28/14 Order (Dkt. 477) (remaining Government disclosures due by March 31, 2014); 10/18/13 Order (Dkt. 319) (same).  While Defendants object to the volume of the recordings, this does not make them untimely.  Nor is the Court convinced that the volume of the production was so prejudicial to Defendants as to require their exclusion, particularly in light of the fact that (1) they were produced within the time permitted by the Court; (2) they were produced two months before trial; (3) the Court adjourned the trial for two weeks in light of counsel's representation that it needed this additional time to review the disclosures; and (4) the Government maintains that the recordings were provided "immediately" after it obtained possession.

To the extent Defendants claim that the Government should not be permitted to use the statements because it belatedly added them to the statement-disclosure table, the Court is not convinced.  The Government timely provided the recordings to Defendants for their review, and Defendants could have begun reviewing them at that time.  The Court, therefore, fails to understand how the Government's failure to amend its disclosure table to include these statements until a few weeks later prejudiced Defendants; Defendants were on notice that these statements could be used at trial when they were disclosed on March 20.  Moreover, to the extent Defendants have particular objections to the admission of some or all of these statements — aside from the timeliness of disclosure — Defendants may raise these objections at trial.  Therefore, the Government's late amendment to the table did not impact Defendants' ability to review the statements or object to their admission at trial.  Accordingly, the Court overrules Defendants' timeliness objection.

SO ORDERED.

Dated: May 15, 2014                          s/Mark A. Goldsmith
       Flint, Michigan                       MARK A. GOLDSMITH
                                                United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 15, 2014.

                                                s/Deborah J. Goltz
                                                DEBORAH J. GOLTZ
                                                Case Manager