UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,             HON. MARK A. GOLDSMITH

v.                                              Case No. 12-CR-20287

ALEXANDRA NORWOOD, et al.

                Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANT OLDHAM'S MOTION REGARDING CO-DEFENDANT'S STATEMENTS (Dkt. 624) AND MOTION FOR MISTRIAL (Dkt. 627)

A joint trial of six co-Defendants in the above-captioned matter began on May 27, 2014. Prior to the start of trial, five of the Defendants — including Defendant Johnathan Oldham — filed motions to sever their trial from that of their co-Defendants. See, e.g., Oldham Mot. to Sever (Dkt. 413). Many of these motions were based on (1) purported Confrontation Clause concerns regarding the admission of statements allegedly made by co-Defendants, and (2) claims of prejudicial spill-over from the limited admission of these statements at a joint trial. The Court denied these motions on May 16, 2014. See 5/16/14 Op. and Order (Dkt. 587).

Defendant Oldham recently filed two additional motions based on his co-Defendants' purported statements. The first motion, entitled "Motion Regarding Co-Defendant's Statements," asks the Court to "sever Defendant's trial from that of Leon Gills" in light of the Government's stated intent to seek admission of certain Facebook posts Defendant Gills purportedly made from jail in March 2014. See Def. Mot. Regarding Co-Defendant's Statements (Dkt. 624). The second motion, a motion for mistrial, is based on the already-admitted statements by co-Defendants Jonathan Walker, Norwood, and Cureton against those declarant-

1

Defendants alone. See Def. Mot. for Mistrial (Dkt. 627). These statements were admitted at trial pursuant to Federal Rule of Evidence 801(d)(2)(A), and the Court gave limiting instructions to the jury that the statements should only be considered against the declarant-Defendant. Nevertheless, Defendant Oldham argues that the admission of these statements was so prejudicial to him, even with a limiting instruction, that a mistrial is required. Id.

The Court has reviewed Defendant's motions and supplemental brief (Dkt. 633), the Government's responses (Dkts. 637 and 641), and Defendant's reply (Dkt. 642). Because the Court concludes that the admission of the statements against the declarant-Defendant alone, with a proper limiting instruction, mitigates any prejudice to the non-declarant-Defendants, the Court denies Defendant's motions.

Defendant's first motion — requesting severance — is premised on two rap videos and other online postings that the Government intends to introduce at trial. Def. Mot. Regarding Co-Defendant's Statements (Dkt. 624). These items were purportedly posted on Gills' Facebook account in March 2014. Def. Br. at 1-2. Defendant argues that the statements are only admissible against the declarant, Gills, because they were not made in furtherance of the alleged conspiracy. In support of this argument, Defendant highlights that the posts were made (1) from jail and (2) after the conclusion of the conspiracy, which the indictment alleges existed from 2002-2012. Id. at 3-5. Defendant also claims that a limiting instruction "will not stop the jury from considering the testimony of Gills' statements against all the other Defendants." Id. at 7. Therefore, Defendant seeks severance based on these statements.

The Government responds that the statements are admissible against all of the Defendants as co-conspirator statements pursuant to Federal Rule of Evidence 801(d)(2)(E). Gov't Resp. at 8-12 (Dkt. 637). The Government asserts that, even though the statements were made from jail,

2

they were intended to further the objectives of the conspiracy, which is continuing. Id. The Government also argues that, even if not admissible under the co-conspirator exclusion, the statements are admissible as: (1) non-hearsay, because not offered for the truth of the matter asserted; (2) statements of a party opponent; or (3) statements against penal interest. Id. at 12-16.

The Court need not determine whether the online postings are admissible against all of the Defendants, or only against Gills, to resolve the instant motion.[1] Even if the statements are only admissible against Gills — as Defendant suggests — severance is not required because the

---

[1] However, to the extent the Government intends to introduce these statements pursuant to the co-conspirator exclusion, the Court notes that it has concerns whether they were made in furtherance of the conspiracy. As the Government highlights, a member of the conspiracy is presumed to be a continuing member, and a defendant's arrest or incarceration does not necessarily end his or her participation in the conspiracy. United States v. Robinson, 390 F.3d 853, 882 (6th Cir. 2004); see also United States v. Martinez, 430 F.3d 317, 327 (6th Cir. 2005) (noting that an "an arrested coconspirator does not always terminate his involvement in an ongoing conspiracy"). Similarly, the indictment's alleged end date for the conspiracy is not determinative of whether a statement is in furtherance of the conspiracy because "the scope of the indictment's charged conspiracy is not necessarily coterminous with the scope of the conspiracy for purposes of 801(d)(2)(E)." United States v. Blake-Saldivar, 505 F. App'x 400, 409-410 (6th Cir. 2012). Thus, Defendant's suggestion that the statements are inadmissible per se because they were made from jail in 2014 goes against Sixth Circuit precedent. See Martinez, 430 F.3d at 327 (letter written from jail admissible under Fed. R. Evid. 801(d)(2)(E) where it was written with the intent to promote the objectives of the conspiracy).

Nevertheless, the Court finds that, at this time, the Government has not sufficiently explained how the statements were intended to promote conspiratorial objectives. For example, the Government has not provided details regarding how the rap videos were "made to apprise a co-conspirator of the progress of the conspiracy, to induce his continued participation or to prompt action on his part which facilitates the conspiracy, or to allay his fears, as well as statements made before the objects of the conspiracy have been completed with the intent to . . . impede the government's investigation of the conspiracy." United States v. Kelsor, No. 08-81-5, 2009 WL 1850177, at *7 (S.D. Ohio June 25, 2009). The Government has not yet shown that the videos were posted as messages to specific individuals or intended to provide information or direction to members of the conspiracy, as opposed to just being songs about Gills' distaste for snitches or narratives of past events (i.e., individuals snitching).

Therefore, to the extent the Government intends to introduce these statements or other internet postings against all Defendants as co-conspirator statements — or on any other basis — the Government shall seek a ruling prior to their introduction and substantiate the specific grounds.

3

Court would provide the jury with a proper limiting instruction. As explained in the Court's past decision on Defendants' motions to sever, the Supreme Court and Sixth Circuit have admonished that, even "where the risk of prejudice is high, 'less drastic measures [than severance], such as limiting instructions, often will suffice to cure any risk of prejudice.'" United States v. Driver, 535 F.3d 424, 427 (6th Cir. 2008) (quoting Zafiro v. United States, 506 U.S. 534 (1993)). To that end, "[a] request for severance should be denied if a jury can properly compartmentalize the evidence as it relates to the appropriate defendants." United States v. Causey, 834 F.2d 1277, 1287 (6th Cir. 1987). The Sixth Circuit further has explained that

> a defendant is not entitled to a severance simply because the evidence against a codefendant is far more damaging than the evidence against him. . . . [I]n a joint trial, there is always a danger that the jury will convict on the basis of the cumulative evidence rather than on the basis of evidence relating to each defendant. However, we adhere to the view, as previously stated by our court, that the jury must be presumed capable of sorting out the evidence and considering the case of each defendant separately. The presentation of evidence applicable to more than one defendant is simply a fact of life in multiple defendant cases.

Id. at 1288 (quotation marks and citations omitted) (emphasis added). Indeed, this Court already ruled in its May 16, 2014 decision that, "[t]o the extent the [postings] are introduced against Gills alone, the Court presumes the jury is capable of following limiting instructions." 5/16/14 Op. and Order at 25.

Defendant claims that "[a]n exception to the rule that the jury is presumed to be able to follow a limiting instruction is in the case of statements by co-defendants." Def. Br. at 6-7. In support of this claim, Defendant cites Bruton v. United States, 391 U.S. 123, 135-136 (1968). But this argument entirely ignores Bruton's progeny, such as Richardson v. Marsh, 481 U.S. 200, 211 (1987), which undermines Defendant's claim. In Richardson, the Supreme Court held that statements by a co-defendant are admissible against the declarant-defendant in a joint trial so

4

long as the statement (1) does not facially inculpate the non-declarant-co-defendants and (2) a limiting instruction is given. As such, the Court does not find Bruton helpful to Defendant.

Defendant attempts to minimize the effect of Richardson by highlighting that the Supreme Court noted in that case that "[t]he rule that juries are presumed to follow their instructions is a pragmatic one, rooted less in the absolute certitude that the presumption is true than in the belief that it represents a reasonable, practical accommodation of the interests of the state and the defendant in the criminal justice process." Def. Br. at 6 (citing Richardson, 481 U.S. at 211). But, in citing Richardson, Defendant omits that this "pragmatic" solution is one the Supreme Court expressly approved for the circumstance at issue here: the introduction of statements against the declarant alone — with a proper limiting instruction — where the statements do not facially inculpate any co-defendants. See Richardson, 481 U.S. at 208 (noting that, "while it may not always be simple for the members of a jury to obey the instruction that they disregard an incriminating inference, there does not exist the overwhelming probability of their inability to do so" where the statement does not facially inculpate the co-defendants); see also id. at 211 (holding that the Bruton "calculus [regarding the effectiveness of limiting instructions] changes when confessions that do not name the defendant are at issue").

In interpreting Bruton and its progeny, the Sixth Circuit also has confirmed that statements by a co-defendant may be admissible against the declarant in a joint trial: "Ordinarily when, at a joint trial, a codefendant's prior statement, testimonial or otherwise, is introduced only against the declarant-codefendant, and not against the complaining codefendant, the latter has suffered no violation of his Sixth Amendment Confrontation Clause rights." United States v. Vasilakos, 508 F.3d 401, 407 (6th Cir. 2007); see also Lang v. Gundy, 399 F. App'x 969, 976-977 (6th Cir. 2010) (noting that Bruton's rule regarding the prejudice arising out of the

5

admission of a co-defendant's statement "only applies . . . if the confession facially incriminates the defendant"). Therefore, the Court rejects Oldham's argument that the possible admission of Gills' posts against Gills alone still requires severance because limiting instructions — the solution approved by the Supreme Court — will be ineffective. See Richardson, 481 U.S. at 209-210 (rejecting similar argument given the need for efficiency, fairness, and avoidance of inconsistent verdicts).

Citing Greer v. Miller, 483 U.S. 756, 767 (1987), Defendant also argues that "[c]autionary instructions are insufficient to cure an error if it is likely the jury will disregard the instruction, and [there is] a strong likelihood that the effect of the evidence will seriously prejudice the defendant." Def. Br. at 7. The Court rejects this argument. Defendant's gratuitous paraphrase of Greer's language re-writes his burden with respect to making such a claim. The Supreme Court noted in a footnote in Greer that the Court "normally presume[s] that a jury will follow an instruction . . ., unless there is an 'overwhelming probability' that the jury will be unable to follow the court's instructions, . . . and a strong likelihood that the effect of the evidence would be 'devastating' to the defendant." Greer, 483 U.S. at 767 n.8 (emphasis added) (quoting Richardson and Bruton). To overcome the presumption, Defendant has to show an "overwhelming probability" that the jury will be unable to follow the Court's instructions — not just that it is "likely" — and that the admission of the statements is "devastating." Defendant has failed to meet this high burden, particularly in light of the Court's observation that all of the jurors are following the proceedings assiduously, with virtually all taking notes during testimony and the deliverance of limiting instructions. The jurors will be able to "properly compartmentalize the evidence as it relates to the appropriate defendants." Causey, 834 F.2d at 1287.

Defendant also boldly argues that the jury will improperly use the statements against him and the other non-declarant-co-Defendants to establish the elements of the RICO conspiracy charge in this case. Def. Br. at 3. The Court previously considered and rejected this same argument, and does so again here. See 5/16/14 Op. and Order at 7 (noting that "Oldham claims that '[t]he jury cannot be expected to limit the use of Norwood's statement to prove the fact there was a gang only against Norwood and not against the others,' but Vasilakos — a case concerning a purported conspiracy — teaches otherwise").[2]

In short, the Court finds that Oldham has not met his burden in requesting severance. Notably, Oldham does not suggest that any of the statements facially inculpate him, nor does he contend that the Court has failed to provide limiting instructions thus far when appropriate. Therefore, the Court denies Defendant's motion. See United States v. Greer, 958 F. Supp. 192, 194-195 (D. Vt. 1997) (denying motion to sever based on purported prejudice from admission of statements by co-defendant); United States v. Trujillo, 146 F.3d 838, 844 (11th Cir. 1998); United States v. Spence, -- Fed. App'x --, 2014 WL 982431, at *3 (3d Cir. 2014) ("In Bruton, however, the Court recognized a 'narrow exception' to the general principle that the jury is presumed to follow the court's instructions, applicable only when the non-testifying co-defendant's statement implicates the defendant. . . . Because White's statement did not implicate

---

[2] The Court's opinion also cited numerous cases in rejecting Defendant's earlier attempt to raise this argument. See Driver, 535 F.3d at 428 (rejecting similar claim in RICO conspiracy case where complaining codefendant argued that the declarant-codefendant's "statements helped the government prove the drug conspiracy of which [the complaining defendant] was found to be a part"); United States v. West, No. 06-20185, 2009 WL 4043062, at *2-3 (E.D. Mich. Nov. 20, 2009) (rejecting argument that statement in which declarant admitted he was "part of a group" violated Crawford, notwithstanding opponent's claim that statement established an element of the crime charged, i.e., that a conspiracy existed); United States v. Guzman, 7 F. App'x 45, 50-51 (2d Cir. 2001) ("[T]he fact that the statements tended to establish the existence of the enterprise did not violate [defendant's] Bruton rights."); United States v. Stone, No. 05-401, 2007 WL 4560599, at *1 (S.D.N.Y. Dec. 18, 2007) (same). Defendant does not address any of this authority in his new motions.

Spence in criminal conduct, the Bruton exception is not applicable, and the jury is presumed to have followed the District Court's limiting instructions.").

The second motion, Defendant's motion for mistrial, is based on the admission of certain statements by co-Defendants Jonathan Walker, Norwood, and Cureton that have already been put before the jury through the testimony of Special Agent Sondgeroth. Def. Mot. for Mistrial (Dkt. 627). Defendant does not dispute that the Court gave proper limiting instructions before this testimony was introduced. However, as with his "motion regarding co-defendant's statements," Defendant's motion for mistrial is based on his belief that "the jury cannot be reasonably expected to consider the statement against the declarants only," even with proper limiting instructions. Id. at 1. The Court denies this motion for the same reasons described above.[3]

In short, Oldham asks the Court to overturn its past decision on severance, and, in doing so, ignore years of jurisprudence and presumptions regarding the admissibility of co-defendant statements and the use of limiting instructions. This the Court will not do. Therefore, Defendant Oldham's motion regarding co-defendant's statements (Dkt. 624) and motion for mistrial (Dkt. 627) are denied.

---

[3] Defendant also suggests that "[t]he jury will conclude the other people to whom [Norwood] was referring [in his statement] include the other Defendants," and thus a Bruton problem exists. Def. Br. at 4; Def. Reply at 2-3 (Dkt. 642). The Court previously rejected this same argument in its May 16, 2014 decision and does so again here. See 5/16/14 Op. and Order at 10-11 ("Norwood's reference to "the others" and the "younger guys" could just as easily apply to the non-indicted purported co-conspirators as to the Defendants."). Moreover, the same reasoning contained in the Court's May 16, 2014 opinion applies with respect to Cureton's statement that "they thought he was a snitch and consequently he was not allowed to go back to drug dealing" in the Howard Estates area. This argument is meritless.

Defendant also broadly suggests in a two-sentence argument that the "admission of these statements is a violation of the Confrontation Clause" because they are "classic testimonial statements made during police interrogation." Def. Br. at 4. The Court previously considered this argument in-depth and rejected it. See 5/16/14 Op. at 3-16.

SO ORDERED.

Dated: July 2, 2014            s/Mark A. Goldsmith
     Flint, Michigan            MARK A. GOLDSMITH
                                    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 2, 2014.

                                           s/Deborah J. Goltz
                                           DEBORAH J. GOLTZ
                                           Case Manager