UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 12-CR-20287

v.

HON. MARK A. GOLDSMITH

ALEXANDRA NORWOOD, et al.,

        Defendants.

_____/

**OPINION AND ORDER DENYING
THE GOVERNMENT'S REQUEST TO PROVIDE THE
JURY WITH A COPY OF THE INDICTMENT AT THE BEGINNING OF TRIAL**

Prior to trial, the parties agreed that a revised version of the indictment would be read to the jury. 5/19/14 Joint Mem. (Dkt. 591). At the May 21, 2014 pretrial conference, the Government additionally requested that the jury be provided with copies of the revised indictment at the beginning of trial. Defendants objected to providing the jury with the indictment at the beginning of trial, Defs. Mot. (Dkt. 603), and the Government filed a responsive memorandum. Gov't Mem. (Dkt. 605). On June 2, 2014, the Court denied the Government's request with a bench ruling. This Opinion and Order sets forth fully the reasons for the Court's denial of the Government's request.

In making its request, the Government recognizes that courts have discretion to give the jury a copy of the indictment, and that courts often do so. Gov't Mem. at 3-7. The Government argues that, because of the discretion afforded the Court, Defendants' request to have the indictment read to the jury, and the large volume of evidence to be admitted in the case, the jury

would benefit from having a copy of the indictment for the duration of the trial. Id. at 7-8. The Court rejects this argument.

District courts have "discretion to submit the indictment to the jury in a criminal case as long as limiting instructions are given to the effect that the indictment is not to be considered as evidence of the guilt of the accused." United States v. Lawson, 535 F.3d 434, 441 (6th Cir. 2008) (quotation marks omitted). However, courts generally provide the indictment to the jury after the parties have presented their proofs and the jury is about to begin deliberations, as the cases cited by the Government make clear. See, e.g., United States v. Smith, 419 F.3d 521, 529 (6th Cir. 2005) (indictment read to jury by the court at beginning of trial and provided for deliberations); United States v. Nagi, 541 F. App'x. 556, 569 (6th Cir. 2013) (jury received copy of indictment at conclusion of case) judgment vacated on other grounds by Nagi v. United States, 134 S.Ct. 2288 (2014); see also United States v. Maselli, 534 F.2d 1197, 1202 (6th Cir. 1976) (stating that the "better practice is not to submit the indictment to the jury in writing, since it is not evidence and the initial reading of the indictment sufficiently informs the jury of the charges").

The Government has not cited a case where a court clearly provided a copy of the indictment to the jury at the beginning of a trial. Upon a fair reading of the cases cited by the Government, it appears that courts provide indictments with jury instructions for jury deliberations. See, e.g., United States v. Stapleton, 297 F. App'x 413, 427-428 (6th Cir. 2008) (indictment apparently given at close of trial because the court discusses it in tandem with jury instructions); United States v. Cooper, 577 F.2d 1079, 1089 (6th Cir. 1978) (same).

The Court concludes that providing the jury with a copy of the indictment at the beginning of trial is inappropriate. Indictments are not evidence, and the jury might be tempted

2

to rely on the indictment as an actual summary of evidence. This risk is not insignificant in a case with multiple counts and several defendants. With hundreds of witnesses listed on the Government's witness list — read in its entirety to the jury during voir dire — a written copy of the indictment might be regarded as a substitute for the more demanding mental exercise of digesting all testimony.

The jury also was sufficiently informed of the charges because the parties agreed, and the Court permitted, the indictment to be read to the jury. Moreover, prior to the Government's case in chief, the Court itself provided the jury with a chart summarizing the indictment. The parties had no objection to this chart, which listed the 24 operative counts, the dates of the alleged conduct relevant to the charges, and the specific Defendants subject to each count. Cf. United States v. Scales, 594 F.2d 558, 562 (6th Cir. 1979) (A "summary of the indictment clearly was intended to aid the jury in organizing the proof and no rights of appellant were prejudiced by its admission into evidence."). These efforts provided the substantial equivalent of delivering a written copy of the indictment to the jury prior to presentation of proofs, without the attendant risks that a written copy of the indictment would present.

Accordingly, the Court denied the Government's request to provide the jury with a copy of the indictment at the beginning of trial.[1]

SO ORDERED.

Dated: July 7, 2014             s/Mark A. Goldsmith
    Flint, Michigan           MARK A. GOLDSMITH
                                        United States District Judge

---

[1] By its bench ruling and this Opinion and Order, the Court has not foreclosed the possibility that a copy of the indictment will be given to the jury for its deliberations.

3

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 7, 2014.

                                              s/Deborah J. Goltz
                                              DEBORAH J. GOLTZ
                                              Case Manager