UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

                                              Case No. 12-CR-20287-4

v.

                                              HON. MARK A. GOLDSMITH

D-4 JOHNATHAN OLDHAM,

                Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT OLDHAM'S "MOTION TO EXCLUDE INADMISSIBLE HEARSAY UNDER A NON-HEARSAY RULE" (Dkt. 645)**

The Court is currently conducting a joint trial in the above-captioned matter with six defendants, including Defendant Johnathan Oldham.  On June 24, 2014, Oldham filed a "Motion to Exclude Inadmissible Hearsay Under a Non-hearsay Rule" (Dkt. 645), arguing that the Court erred in admitting a police officer's testimony regarding what an apartment manager said to him during the officer's investigation because such statements are "classic hearsay" and a "confrontation violation."  Def. Br. at 2.  Oldham also requests that the Court order the Government to provide "advance notice of its intention to introduce non-hearsay evidence regarding why police did what they did next."  Def. Mot. at 2; Def. Br. at 5-6.  In response, the Government argues that it should not be required to provide such notice, and, in any event, the testimony admitted did not constitute hearsay.  Gov't Br. at 1-3 (Dkt. 646).  As set forth below, the Court agrees with the Government and denies Oldham's motion.

The instant motion arises from the June 24, 2014 testimony of Flint Police Officer Scott Watson, who testified about an arrest of Defendant Alexandra Norwood on August 11, 2006.

6/24/14 Tr. at 122-124.[1]   The arrest led to Watson obtaining a search warrant of an apartment believed to be Norwood's the same day.  Id. at 140.  After the attorneys for the parties had conducted their examination of Watson, the Court asked the jury if it had any questions in conformance with the Court's practice.  The Court received four written questions from the jury.  The Court allowed the attorneys to view the juror questions at sidebar and, hearing no objections, id. at 145-146, asked all of them, including a question inquiring as to Watson's reasons for obtaining a search warrant, id. at 146-149.[2]  Watson responded, in pertinent part, that one of the reasons he searched Norwood's apartment was that the apartment manager stated that Norwood lived in the apartment complex, although Norwood had denied living there.  Id. at 149.

Counsel for Norwood objected on hearsay grounds.  Id.  The Court overruled the objection, explaining that the statement was not offered for the truth of the matter asserted, i.e. whether Norwood lived at the apartment, but to show why Watson was interested in searching that particular apartment.  Id.  After the objection, the Government, on re-direct, established that the factors that led Watson to obtain a search warrant for the apartment included (i) Watson receiving an anonymous phone call about Norwood living at the apartment, (ii) Watson's own dealings with Norwood, (iii) a key seized from the arrest of Norwood fit the apartment door, and (iv) Watson observed, through the apartment's partially opened door and without entering the apartment, marijuana on a table without entering the apartment.  Id. at 150-151; see also id. at 125 (establishing on direct examination that the apartment door was partially open).

Under the Federal Rules of Evidence, hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the

---

[1] As no party has yet ordered a final transcript, the Court cites to the rough transcript.

[2] The Court stated, "Officer, the question is why was a search warrant requested?"  6/24/14 Tr. at 149.

truth of the matter asserted." Fed. R. Evid. 801(c). But "[t]he hearsay rule does not apply to statements offered merely to show that they were made or had some effect on the hearer." United States v. Macias-Farias, 706 F.3d 775, 781 (6th Cir. 2013) (quotation marks omitted). "In some circumstances, out of court statements offered for the limited purpose of explaining why a government investigation was undertaken have been determined not to be hearsay." United States v. Gibbs, 506 F.3d 479, 486 (6th Cir. 2007).

For instance, in Gibbs, a law enforcement officer testified that a parolee had stated that the defendant had hidden some rifles in the defendant's bedroom. Id. The law enforcement officer "offered this testimony solely as background evidence to show why [the defendant's] bedroom was searched." Id. In rejecting a hearsay challenge by the defendant, the court explained that the statement was not offered for its truth because the testimony did not bear on the defendant's alleged possession of a pistol with which he was charged. Id. at 487.

Here, Watson's testimony regarding what the apartment manager said to him — that Norwood lived in the apartment — was not hearsay because it was not offered for its truth, just like the law enforcement officer's testimony in Gibbs. Watson's testimony regarding the apartment manager's statement was background evidence to show, in relevant part, why the apartment was searched, in response to a juror's question about Watson's motivation for the search. Id. at 486. The apartment manager's statement was not offered to prove that Norwood lived at the apartment. Id. at 487.

Furthermore, in reiterating that the apartment manager's statement is not hearsay, the Court rejects Oldham's remaining arguments. Oldham's Confrontation Clause argument falters because, while the apartment manager statement may have been "testimonial" in nature, as a statement "made to the authorities who will use [it] in investigating and prosecuting a crime,"

3

United States v. Cromer, 389 F.3d 662, 674 (6th Cir. 2004), it was not offered to prove the truth of the matter asserted.  Id. at 676.  "The admission of a testimonial statement . . . does not necessarily trigger a violation of the Confrontation Clause.  To do so, the statement must be used as hearsay — in other words, it must be offered for the truth of the matter asserted." Gibbs, 506 F.3d at 486.  Assuming without deciding that the statement conveyed by the apartment manager to Watson concerning Norwood was testimonial, there was no Confrontation Clause violation because, as explained above, the statement was not hearsay.[3]  Id.

The Court also agrees with the Government that it need not provide "advance notice of its intention to introduce non-hearsay evidence regarding why police did what they did next."  Def. Mot. at 2; Def. Br. at 5-6.  As the Government correctly observes, this statement was elicited by the Court in response to a juror question to which no party had objected.  No notice to Defendants was required.

Additionally, Oldham offers no authority for his undeveloped arguments concerning (i) the "usual" substantial and unfair prejudice that arises from testimony regarding "the course of an investigation" and (ii) the inability of the jury to follow an instruction striking testimony after it was elicited.  Def. Br. at 5-6.  This preemptive evidentiary request is general and does not identify a specific evidentiary issue.  As the Court has already ruled, such generic requests are inappropriate, see 6/27/14 Order (Dkt. 653), and the better course is to object at trial, as counsel for Norwood did here, or file a more targeted motion.

Accordingly, Oldham's motion (Dkt. 645) is denied.

---

[3] No party addressed whether the statement was testimonial, but case law counsels that it most likely was.  See Cromer, 389 F.3d at 675 (concluding that a statement is testimonial where a reasonable person would anticipate that his or her statement would later be used "against the accused in investigating and prosecuting the crime").

SO ORDERED.

Dated: July 16, 2014                          s/Mark A. Goldsmith
      Flint, Michigan                          MARK A. GOLDSMITH
                                         United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 16, 2014.

                                         s/Deborah J. Goltz
                                         DEBORAH J. GOLTZ
                                         Case Manager