UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                              Case No. 12-cr-20287

v.                                               HON. MARK A. GOLDSMITH

ALEXANDRA L. NORWOOD,

      Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION FOR CERTIFICATE OF APPEALABILITY (Dkt. 1204)

Before the Court is Defendant Alexandra L. Norwood's motion (Dkt. 1204) for the Court to issue a certificate of appealability (COA) as to the Court's prior opinion and order denying Norwood's motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons that follow, the Court denies Norwood's motion.[1]

### I. BACKGROUND

On March 20, 2023, this Court denied Norwood's motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and entered a judgment against him. See 3/20/23 Op. & Order (Dkt. 1192); Judgment (Dkt. 1193). On July 27, 2023, Norwood filed a document labeled a "notice of appeal and motion to reopen time to appeal." Notice of Appeal (Dkt. 1194) (punctuation modified). Noting that any notice of appeal was due to be filed on May 19, 2023, the United States Court of Appeals for the Sixth Circuit remanded Norwood's case to this Court "for consideration of whether Norwood's time for filing a notice of appeal should be reopened," after

---

[1] Because oral argument will not aid the Court's decision, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). In addition to Norwood's motion, the briefing includes the Government's response (Dkt. 1220).

which "limited remand" this Court was to "return the case to [the Sixth Circuit] for further proceedings as may be appropriate." 8/16/23 Order (Dkt. 1196).

This Court granted Norwood's motion to reopen time to file a notice of appeal and transferred Norwood's case back to the Sixth Circuit, noting that this Court believed it could not grant the Government's request that this Court deny a certificate of appealability. 9/8/23 Order (Dkt. 1199). Norwood then filed a motion for a certificate of appealability. Mot. for COA (Dkt. 1204). This Court denied that motion on December 20, 2023 because it believed that the Sixth Circuit's remand of Norwood's case to this court was limited to consideration of whether Norwood's time for filing a notice of appeal should be reopened. 12/20/23 Order (Dkt. 1205). This Court has since been informed by the Sixth Circuit that this Court can consider Norwood's motion for a certificate of appealability on the merits, which it does here.

## II. ANALYSIS

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this requirement, an applicant must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (punctuation modified).

Norwood requests a certificate of appealability to determine whether this Court erred by (i) ignoring Norwood's claim that counsel was ineffective during plea negotiations; (ii) failing to hold an evidentiary hearing despite there being alleged facts that were not foreclosed by the record and that would support granting relief; and (iii) disposing of Norwood's actual innocence claim by

relying on counsel's admission in his affidavit that Norwood had told counsel that he was guilty of the offenses charged. See Mot. for COA at 6.

As to the first alleged error, Norwood argues that this Court erred by failing to discuss Norwood's ineffective assistance of counsel claim with respect to plea negotiations. Mot. for COA at 10. Norwood notes that "[t]he very first line of Mr. Norwood's first claim in his § 2255 motion says, '[a]s a direct result of trial counsel's failures during plea negotiations, Mr. Norwood headed to trial with an effective long sentence hanging in the balance.'" Id. at 9 (citing Mot. to Vacate at 7 (Dkt. 1014)). This fleeting reference was the only mention of the plea negotiations in the § 2255 motion. Norwood provided no detail whatsoever about what was supposedly ineffective about his counsel's assistance during his plea negotiations. Norwood provided a numbered list of the twelve ways in which his counsel was supposedly ineffective, see Mot. to Vacate at 6, none of which mentioned plea negotiations. Reasonable jurists could not debate that there was no error in the Court's failure to discuss Norwood's ineffective assistance of counsel claim with respect to plea negotiations. Slack, 529 U.S. at 484.

As to the second alleged error, Norwood argues that an evidentiary hearing should have been held because § 2255(b) mandates an evidentiary hearing unless the record conclusively shows that the prisoner is entitled to no relief. Mot. for COA at 12. According to Norwood, "[he] alleged facts that were not conclusively foreclosed by the record and that would support granting relief." Id. at 9.

As the Government notes, this argument fails because it presents a statutory issue, not the denial of a constitutional right. Gov. Resp. to Mot. for COA at 3. In Wingate v. United States, the Sixth Circuit explained the distinction as follows:

> Although the district court may consider a statutory claim raised in a § 2255 motion, the statute does not authorize granting a COA on such claims. Compare 28 U.S.C.

3

> § 2255(a) (authorizing prisoners to collaterally attack their sentences "upon the ground that the sentence was imposed in violation of the Constitution <u>or laws</u> of the United States[,]" <u>with id.</u> § 2253(c)(2) (permitting a grant of a COA only where the § 2255 petitioner "has made a substantial showing of the denial of a <u>constitutional</u> right" (emphasis added)).

<u>Wingate v. United States</u>, 969 F.3d 251, 262 (6th Cir. 2020) (emphasis in original).

Here, as Norwood himself admits, the right to an evidentiary hearing on a motion under § 2255 arises from subsection (b) of the statute itself, not the Constitution. Therefore, a certificate of appealability cannot be issued on this ground.

But even if the Court could issue a certificate of appealability on this ground, Norwood has not sufficiently explained his argument. Norwood contends that he alleged facts not conclusively foreclosed by the record, but he does not specify what those facts were. Instead, he simply notes that his memorandum in support of his § 2255 motion "was 25 pages of substantive facts that supported relief" and that "[a]t just over 6,300 words, the facts detailed in this memorandum were not <u>all</u> foreclosed by the record." Mot. for COA at 12. This argument is not developed enough for the Court to consider. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." <u>McPherson v. Kelsey</u>, 125 F.3d 989, 995–996 (6th Cir. 1997) (punctuation modified).

Lastly, Norwood contends that this Court erred by disposing of his actual innocence claim by relying on his counsel's admission in an affidavit that Norwood had told counsel that he was guilty of the offenses charged. Mot. for COA at 14–17. But Norwood misinterprets the Court's opinion denying his motion to vacate. In that opinion, the Court disposed of Norwood's actual innocence claim because "'such a claim requires [the] petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial.'" 3/20/23 Op.

4

& Order at 10 (quoting Souter v. Jones, 395 F.3d 577, 590 (6th Cir. 2005)).  Norwood presented no such new evidence.  As the Court explained, "[a] petitioner may not present the 'same issue' in his § 2255 motion as one he raised on direct appeal."  Id. (quoting DuPont v. United States, 76 F.3d 108, 110 (6th Cir. 1996)).  The Court found that "Norwood's repackaging of old arguments fails to constitute the new reliable evidence needed to prevail on a theory of actual innocence."  Id. at 11 (punctuation modified).  Any reliance on the affidavit submitted by Norwood's counsel was not material to the Court's holding.

Because Norwood has not made a substantial showing of the denial of any constitutional right, the Court denies Norwood's motion for a certificate of appealability.

### III. CONCLUSION

For the reasons explained above, the Court denies Norwood's motion for a COA (Dkt. 1204).

SO ORDERED.

| | |
|---|---|
| Dated: December 4, 2024<br>Detroit, Michigan | s/Mark A. Goldsmith<br>MARK A. GOLDSMITH<br>United States District Judge |